**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2015[*]
Decided August 25, 2015

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1815

| | |
|---|---|
| JOSEPH LEE BELL, JR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 15-cv-268-pp |
| LAURA GRAMLING PEREZ and KELLI MURPHY, *Defendants-Appellees*. | Pamela Pepper, *Judge*. |

**O R D E R**

Joseph Bell, a Wisconsin resident, appeals the dismissal of his complaint, which vaguely asserts irregularities in connection with a state court's denial of a DNA blood test to establish paternity. The district court dismissed the complaint for lack of subject-matter jurisdiction. We affirm.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that this case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

As set forth in his complaint, Bell believes that he is the father of a daughter whom, for unexplained reasons, the two defendants collaborated to put up for adoption. Bell twice filed a request for DNA testing in Wisconsin state court. The state court's decision to deny both requests, Bell says, violated his equal-protection and due-process rights.

The district court screened the complaint, *see* 28 U.S.C. § 1915(e)(2)(B), and dismissed it because Bell had not alleged a basis for either diversity or federal-question jurisdiction. Bell, the court added, "clear[ly and] . . . strongly disagrees with something that happened to him in Milwaukee County Circuit Court" and should seek relief in Wisconsin state courts.

On appeal Bell maintains that he is entitled to a DNA test to prove paternity as well as visitation rights to see his daughter. But he fails to develop this argument, *see* FED. R. APP. P. 28(a)(8), let alone explain why his requests are not barred by the *Rooker-Feldman* doctrine, which strips lower federal courts of jurisdiction to review state-court civil judgments, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923). Bell seems to be unhappy with the state court's denial of his requests for DNA testing, but challenges to state-court child custody and visitation decisions are barred by *Rooker-Feldman. See, e.g, Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007); *T.Q. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997).

AFFIRMED.